NOT DESIGNATED FOR PUBLICATION

No. 118,907

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SHELLI M. WARD,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY E. GOERING, judge. Opinion filed August 10, 2018. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Shelli Ward appeals the district court's decision to revoke her probation and require that she serve her underlying prison sentence. Ward suggests that the district court should have given her another chance at probation rather than send her to prison. But Ward admitted to the district court that she committed new crimes while on probation, and that gave the district court the discretion to send her to prison. We find no abuse of discretion in the district court's decision to do so.

Ward was placed on 12 months of probation after she pleaded guilty to two counts of felony theft. The district court sentenced Ward to an underlying 18-month prison term that she would have to serve if she did not successfully complete probation. Six months later, the State alleged several probation violations in an arrest warrant, and Ward

admitted to the violations at a later hearing. The violations included using methamphetamine and committing a new crime—another count of felony theft.

Ward asked the court to put her back on probation, noting that although she struggled with an underlying drug addiction, she had "turned a corner" by staying clean for over a year. She also told the court that she was participating in Narcotics Anonymous and life-skills classes that would help her to be successful on probation. The district court denied Ward's request, revoked her probation, and ordered her to serve her 18-month underlying sentence. Ward appeals that decision to this court.

Once a probation violation has been established, the decision to revoke probation has traditionally been considered within the discretion of the district court. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). That discretion is now limited by K.S.A. 2017 Supp. 22-3716, which generally requires the court to use intermediate sanctions (like a short stay in jail) before imposing the prison term for probation violations.

But that statute's provision requiring intermediate sanctions before ordering the defendant to serve the underlying prison sentence does not apply once the court finds that the defendant has committed a new offense. See K.S.A. 2017 Supp. 22-3716(c)(8)(A). Accordingly, we review the district court's decision in Ward's case only for abuse of discretion. Unless the court has made a legal or factual error, we may find an abuse of discretion only when no reasonable person would agree with the decision made by the trial court. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011).

We find nothing unreasonable about the district court's decision here. Ward tested positive for methamphetamine a month after she was released on probation. Three months after that, she was arrested on another charge of felony theft. While Ward urged

2

that she had "turned a corner" with her addiction by staying off of methamphetamine for over a year, she had been in prison for much of that time.

On Ward's motion, we accepted this appeal for summary disposition under K.S.A. 2017 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2018 Kan. S. Ct. R. 47). We have reviewed the record that was available to the sentencing court, and we find no error in its decision to revoke Ward's probation.

We affirm the district court's judgment.